J-S57033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| IFEANYI NWANI | |
| Appellant | No. 984 EDA 2015 |

Appeal from the Judgment of Sentence Entered March 11, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0007130-2014

BEFORE: MUNDY, OTT, and STABILE, J.J.

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 21, 2015**

Appellant, Ifeanyi Nwani, appeals from the trial court's March 11, 2015 judgment of sentence imposing time served to 23 months of incarceration followed by two years of probation for one count of unlawful restraint (18 Pa.C.S.A. § 2902), and a $200 fine for summary harassment (18 Pa.C.S.A. § 2709). Counsel has filed a brief and petition to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

The record reveals that the trial court imposed Nwani's sentence pursuant to a negotiated guilty plea. N.T. Guilty Plea, 3/11/15, at 3-4, 20-

21. Counsel filed this timely appeal at Nwani's direction. The **Anders** Brief addresses the discretionary aspects of Nwani's sentence.[1] Before we turn to the merits, we consider whether counsel has complied with the technical dictates of **Anders** and **Santiago**.

> Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014).

"Counsel also must provide a copy of the *Anders* brief to his client." **Id.**

"Attending the brief must be a letter that advises the client of his right to:

---

[1] The **Anders** Brief has not preserved this issue by including a Pa.R.A.P. 2119(f) concise statement of errors complained of on appeal. The Commonwealth has not objected to this omission, and therefore the absence of the Pa.R.A.P. 2119(f) statement is of no moment. **Commonwealth v. Robinson**, 931 A.2d 15, 19 (Pa. Super. 2007) ("If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim.").

We observe, also, that Appellant has filed a short *pro se* document expounding on his belief that the sentence was overly harsh.

(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.** We have reviewed counsel's brief and application to withdraw and concluded that it substantially complies with the foregoing.

Turning to the merits, we observe that "[t]he entry of a guilty plea constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence." **Commonwealth v. Main**, 6 A.3d 1026, 1028 (Pa. Super. 2010). Counsel's **Anders** Brief acknowledges as much. Instantly, the trial court imposed the recommended sentence that Appellant negotiated with the Commonwealth.

> When a negotiated plea includes sentencing terms (or, more properly, the Commonwealth's commitment to recommend a certain sentence), the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea.

**Commonwealth v. Eisenberg**, 98 A.3d 1268, 1276 (Pa. 2014). Furthermore, Appellant did not preserve a challenge to the trial court's sentencing discretion in a post-trial motion, in accord with Pa.R.Crim.P. 720. Counsel is correct that Appellant's challenge to the trial court's sentencing discretion is frivolous.

Our independent review of the record confirms that trial court's sentence for unlawful restraint—up to 23 months of incarceration followed by two years of probation—falls within the five-year statutory maximum

- 3 -

applicable to Appellant's unlawful restraint conviction, which is a misdemeanor of the first degree. 18 Pa.C.S.A. § 2902(a); 1104(1). Likewise, the $200 fine for summary harassment falls within the statutory limits, as the trial court could have imposed up to 90 days of incarceration and a $500 fine for a summary offense. 18 Pa.C.S.A. § 1105.

Our review of the transcript convinces us that Appellant entered a knowing, intelligent, and voluntary guilty plea.

> A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence. Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. [A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise. **The entry of a negotiated plea is a strong indicator of the voluntariness of the plea.** Moreover, [t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made

*Commonwealth v. Reid*, 117 A.3d 777, 782-83 (Pa. Super. 2015) (internal citations and quotation marks omitted; emphasis added).

Appellant, 28 years old at the time of the plea hearing, acknowledged that he reviewed his four-page written guilty plea with his attorney. N.T. Guilty Plea, 3/11/15, at 5-6. He acknowledged reading the affidavit of

probable cause. *Id.* at 15. Appellant's counsel explained in detail his trial rights, and counsel informed Appellant that counsel was prepared to proceed to trial. *Id.* at 6-10. Counsel also informed Appellant of the maximum sentences he could receive for each of the charged offenses. *Id.* at 10. Counsel also explained that Appellant's guilty plea could trigger a *Gagnon II*[2] hearing in connection with a sentence for a prior conviction. *Id.* at 16. Appellant disavowed any mental or physical disability that prevented him from understanding his plea. *Id.* at 5. In sum, our review of the guilty plea transcript reveals no defect in Appellant's plea.

In summary, we agree with counsel that any challenge to the trial court's sentence is frivolous. Our independent review of the record does not reveal any non-frivolous arguments available to Appellant. We therefore affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2015

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).